# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LUEVANO,<br><br>                                   Petitioner,<br>            vs.<br>M. MARTEL, Warden; JERRY BROWN,<br>The Attorney General of the State of<br>California,<br><br>                                   Respondents. | CASE NO. 09cv145 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation filed by Magistrate Judge Ruben B. Brooks.  (Doc. # 17).

## BACKGROUND

On January 23, 2009, Petitioner Christopher Luevano, a state prisoner proceeding *pro se*, initiated this action by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. # 1).  Petitioner challenges his November 22, 2006 convictions for aggravated mayhem, assault with a deadly weapon, and petty theft with a prior conviction.  Petitioner alleges that he received constitutionally ineffective assistance of trial counsel, that the California Superior Court erred in denying his motion to reopen the case, and that he received ineffective assistance of appellate counsel.  *Id.* at 5, 7.  Petitioner contends that defense counsel's failure to conduct a comprehensive and timely investigation of Wal-Mart store policies governing security procedures and to move for a continuance in order to complete the

process of obtaining supporting evidence constitutes ineffective assistance of counsel. Pet. at 6. Petitioner's counsel received Wal-Mart's policy pursuant to a subpoena after the defense had rested. Pet. at 7. Petitioner's counsel moved to reopen the case prior to closing arguments to present the evidence. *Id.* Petitioner contends that the trial court's decision to deny his request to reopen violated his right to confront witnesses and to present evidence in his defense. *Id.* Petitioner contends his appellate attorney's failure to raise the issue of trial counsel's ineffectiveness on direct appeal constitutes ineffective assistance of appellate counsel. Pet. at 8.

On June 5, 2006, Petitioner entered a San Diego area Wal-Mart store. (Doc. #17 at 4). Adrian Salas, a loss prevention officer, observed Petitioner place a 19-inch computer monitor in his shopping cart. *Id.* Salas observed Petitioner replace the bar code label on the box containing the monitor. *Id.* Salas watched Petitioner scan the items in his cart and learned from another store employee that the computer monitor, priced at $298.00, scanned as a computer mouse pad costing $2.97. *Id.* Salas approached Petitioner and attempted to detain him as Petitioner proceeded to exit the store. *Id.* at 5. Following a brief struggle in the store, Salas tackled Petitioner in the parking lot. *Id.* at 7. Petitioner produced a small X-Acto knife and stabbed Salas several times. *Id.* at 8. Salas was transported to the hospital and treated for lacerations to his face, nose, neck and lip. *Id.* During trial, Petitioner testified that his actions were a result of self-defense, because he believed he was about to be "jumped." *Id.* at 10. Petitioner also testified that he entered Wal-Mart with the intention of stealing merchandise by switching bar code labels and the X-Acto knife was to be used for that purpose, and not as a weapon. *Id.* at 9.

On June 1, 2009, Respondent filed an answer to the Petition. (Doc. # 10). Respondent contends that the state trial court properly denied Petitioner's request to reopen the case because the store policies proffered by defense counsel were not relevant to any disputed issue at trial and that the California courts reasonably and properly rejected Petitioner's claim that trial and appellate counsel provided ineffective assistance. *Id*. at 6, 9.

On July 6, 2009, Petitioner filed a traverse. (Doc. # 16).

On May 14, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") which recommends that the Petition be denied.  (Doc. # 17).  The R&R concludes that resolution of Petitioner's second claim for relief is dispositive of his other claims.  The R&R concludes that "the state appellate court's determination that the trial court's denial of the defense motion to reopen the case . . . did not violate Petitioner's constitutional rights." *Id.* at 27.  In applying a harmless-error analysis using the factors set out in *Van Arsdall*, the R&R further concludes that "any errors arising from [the trial court's] decision was clearly harmless." *Id.*  The R&R concludes that Petitioner "is unable to demonstrate prejudice arising from defense counsel's performance," because the evidence of Wal-Mart's policies did not refute the prosecution's case.  *Id.* at 30-1.  In addressing Petitioner's third claim, the R&R concludes that "[t]he failure to raise meritless or untenable claims on appeal does not constitute ineffective assistance of appellate counsel."  *Id.* at 33.

Petitioner filed objections on June 17, 2010.  (Doc. # 19).  Respondent did not file any objections or any responses to Petitioner's objections.

Petitioner contends that the Magistrate Judge incorrectly concluded "that resolution of Petitioner's second claim . . . is dispositive of his other claims."  (Doc. # 19 at 1).  Petitioner contends that the Wal-Mart policy document was crucial to impeach the testimony of Salas. *Id.* at 4.  Petitioner contends that the state court improperly determined that the Wal-Mart document had minimal relevance.  *Id.* at 7.  Petitioner contends that he was entitled to use the Wal-Mart policy to show that Salas lied to the jury about his knowledge of the policy.  *Id.* Petitioner contends that the record shows at least one juror's interest in learning about Wal-Mart's store policies and procedures, and that the question of the existence of the policy and their relation to the case would have been "the pivotal point of this entire trial."  *Id.* at 8. Because he was denied an opportunity to present the evidence, Petitioner asserts he has established prejudice.  *Id.*  Petitioner contends an evidentiary hearing is appropriate to determine the validity of each of his claims.  *Id.* at 5, 7, 8.

**STANDARD OF REVIEW**

The duties of the district court in connection with the Report and Recommendation of

a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The Court reviews all portions of the R&R *de novo*.

**ANALYSIS**

Petitioner asserts that the Magistrate Judge incorrectly resolved Petitioner's second claim, his right to confront and cross-examine, in favor of the Respondent. Petitioner contends that resolution of his second claim is not dispositive of his first and third claims of ineffective assistance of counsel. (Doc. # 19 at 1). Petitioner asserts the policy document obtained from Wal-Mart was relevant to challenge the credibility of Respondent's primary witness. (Doc. #19 at 3). The Magistrate Judge concluded that the proffered materials were only minimally relevant to the disputed issues at trial and the admissibility of the evidence was vastly outweighed by prejudice. (Doc. #17 at 12). The Magistrate Judge correctly concluded that the trial court's determination that the evidence was inadmissable because "it is unlikely that Salas's credibility would have been significantly diminished with further cross-examination" was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. (Doc. # 17 at 24). The trial court's ruling is not a violation of Petitioner's right to confront and cross-examine a witness.

This Court further concludes that the Magistrate Judge correctly determined that resolution of Petitioner's second claim is dispositive of his other claims. Petitioner's claims of ineffective assistance of trial and appellate counsel are appropriately addressed and the resolution of each claim is correctly based on the determination that there was no error at trial and no basis for any claims of unprofessional error or prejudice.

Petitioner's ineffective assistance of counsel claim against his appointed trial attorney, relies in part on the Superior Court's statement that a continuance would likely have been granted upon counsel's request. *Id.* Petitioner must show that counsel's deficient performance

1   prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy the

2   prejudice prong, "the defendant must show that there is a reasonable probability that, but for

3   counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

4   at 694.  The Magistrate Judge correctly concluded that the outcome of Petitioner's case would

5   not have changed, even in light of a continuance, because the state court correctly concluded

6   that evidence did not refute the prosecution's case.  (Doc. # 17 at 12).  The Court concludes

7   that Petitioner failed to demonstrate that he was prejudiced by trial counsel's deficient

8   performance.

9        Petitioner's ineffective assistance of counsel against his appellate attorney relies on his

10  claim against trial counsel.  Because this Court denies Petitioner's first claim of ineffective

11  assistance of trial counsel, Petitioner's claim against appellate counsel for failure to raise

12  ineffective assistance of trial counsel on appeal must also be denied.

13       Petitioner requests that this Court order an evidentiary hearing to determine the validity

14  of Petitioner's three claims.  "In deciding whether to grant an evidentiary hearing, a federal

15  court must consider whether the hearing could enable an applicant to prove the petition's

16  factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*

17  *v. Landrigan*, 550 U.S. 465 (2007).  A district court is not required to hold an evidentiary

18  hearing "where the record refutes the applicant's factual allegations or otherwise precludes

19  habeas relief." *Id.* at 456-6.  As stated, Petitioner's motion to reopen the case was denied after

20  a review of the evidence and a determination that Wal-Mart's policy was of minimal relevance

21  and did not refute the prosecution's case.  Petitioner's claim of ineffective assistance of

22  counsel at trial was denied based on a failure to show prejudice.  Because Petitioner's third

23  claim of ineffective assistance of appellate counsel relied on the success of his first claim,

24  Petitioner's third claim was also denied.  Therefore, Petitioner's request for an evidentiary

25  hearing is denied.

26                     **CERTIFICATE OF APPEALABILITY**

27       A certificate of appealability must be obtained by a petitioner in order to pursue an

28  appeal from a final order in a Section 2254 habeas corpus proceeding.  *See* 28 U.S.C. §

2253(c)(1)(A); Fed. R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents a substantial showing of the denial of a constitutional right**.**  *See* 28 U.S.C. § 2253(c)(2).  A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons in the order dismissing the petition, the Court concludes that jurists of reason would not find it debatable whether this Court was correct in denying the petition.

## CONCLUSION

**IT IS HEREBY ORDERED THAT** (1) the Report and Recommendation (Doc. #17) is **ADOPTED** in its entirety; and (2) the Petition for Writ of Habeas Corpus is **DENIED**.

DATED:  July 29, 2010

**WILLIAM Q. HAYES**
United States District Judge